**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

| | |
|---|---|
| Case No.   **SA CV 16-326-JFW (PLAx)** | Date: June 2, 2016 |

Title:   Kelly Sweetser -v- Scout Industries, LLC

---

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Cheryl Wynn | None Present |
| Relief Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER DENYING UNOPPOSED MOTION FOR EXTENSION OF TIME FOR PLAINTIFF TO MOVE FOR CLASS CERTIFICATION [filed 5/31/2016; Docket No. 17]

On May 31, 2016, Plaintiff Kelly Sweetser ("Plaintiff") filed an Unopposed Motion for Extension of Time For Plaintiff to Move for Class Certification ("Motion").  *See* Docket No. 17.

The Court denies the Motion seeking to extend Plaintiff's deadline to file the motion for class certification for the following reasons:

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On February 24, 2016, Plaintiff filed a Class Action Complaint in this Court, alleging the following claims for relief: (1) Violation of 47 U.S.C. § 227 (On behalf of Plaintiff and the Pre-recorded Message Class); (2) Violation of 47 U.S.C. § 227 *et seq.* (On behalf of Plaintiff and Do Not Call Registry Class); (3) Using Automatic Dialing-Announcing Devices in Violation of Cal. Pub. Util. Code §§ 2871-2876; (4) Using Automatic Dialing Announcing Devices in Violation of Cal. Pub. Util. Code §§ 2871-2876; and (5) Violation of California's Unfair Competition Law, Cal. Bus. Prof. Code § 17200 *et seq.* (On behalf of Plaintiff and a California Subclass).  Plaintiff brings this action on behalf of herself and all others similarly situated.

On February 25, 2016, the Court issued its Standing Order.  In its Standing Order, the parties were advised that "[c]ounsel shall begin to actively conduct discovery before the Fed.R.Civ.P. 26(f) conference because at the Scheduling Conference the Court will impose tight deadlines to complete discovery."  Standing Order, § 4(b).

## II. LEGAL STANDARD

Rule 23 of the Federal Rules of Civil Procedure provides that this Court must determine whether to certify a class "[a]t an early practicable time after a person sues or is sued as a class representative." Fed.R.Civ.P. 23(c)(1)(A).

The Central District of California has, in an attempt to comply with requirements of Fed. R. Civ. P. 23, adopted Local Rule 23-3 which provides, in pertinent part:

> Within 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995, P.L. 104-67, 15 U.S.C. § 772-1 et seq., the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court.

Local Rule 23-3 and Fed. R. Civ. P. 23(c)(1) share an important purpose. That purpose is to give a clear definition to the parameters of the putative class, to outline the claims involved in the class action, and to apprise the defendants of their potential liability as soon as practicable.

As other courts have noted, "[a] timely motion for class certification is premised on sound practical considerations," including preservation and protection of the putative class members' claims. *See Jones v. Hartford Ins. Co. of the Midwest*, 243 F.R.D. 694, 695 (N.D. Fla. 2006). A plaintiff's failure to timely pursue discovery and timely file the motion for class certification calls into question Plaintiff's ability to "adequately protect the interests of the class." *See id.* at 696.

## III. DISCUSSION

Although the parties have apparently agreed to waive or extend the 90 day requirement for filing a motion for class certification under Local Rule 23-3, they have failed to provide the Court with any facts that would justify such a waiver or extension. Indeed, notwithstanding the clear warning in the Court's Standing Order, it appears that Plaintiff has yet to conduct any discovery.

## IV. CONCLUSION

Accordingly, Plaintiff has failed to demonstrate good cause with respect to extending the deadline for filing a motion for class certification and the Court **DENIES** the Motion.

IT IS SO ORDERED.

Initials of Deputy Clerk cw